SH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justen Kofi Monk, | No. CV 13-2392-PHX-DGC (MEA) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Gissels, et al., | |
| Defendants. | |

On November 20, 2013, Plaintiff, who is confined in the Arizona State Prison-Phoenix, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On April 22, 2014, the Court granted the Application to Proceed and dismissed the Complaint for failure to state a claim. The Court gave Plaintiff 30 days to file an amended complaint. On April 28, 2014, the Court's April 22 Order was returned as undeliverable because Plaintiff was no longer in custody. On June 12, 2014, the Clerk of Court dismissed this case for failure to comply with the April 22 Order and entered judgment. On June 23, 2014, the judgment order was also returned as undeliverable.

On December 1, 2014, Plaintiff filed a First Amended Complaint and an Application to Proceed. In a December 17, 2014 Order, the Court denied the Application to Proceed and dismissed the First Amended Complaint. The Court advised Plaintiff that if he wished to pursue his claims, he would have to file a new complaint in a new case.

. . . .

On January 22, 2015, Plaintiff filed a Motion for Reconsideration (Doc. 19), asking the Court to reconsider its December 17 Order dismissing Plaintiff's First Amended Complaint. The Court will deny Plaintiff's motion and this case shall remain closed.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed the December 17, 2014 Order dismissing the First Amended Complaint and Plaintiff's Motion for Reconsideration, and the Court finds no basis to reconsider its decision. Additionally, Plaintiff was warned in the November 20, 2013 Notice of Assignment and in the Court's April 22, 2014 Order that failure to file a notice of change of address could result in this case being dismissed. The Court will therefore deny Plaintiff's Motion for Reconsideration. If Plaintiff wishes to pursue his claims, he must file a new complaint in a new case and must pay the filing fee or file a

complete Application to Proceed in the new case.

**IT IS ORDERED:**

    (1)    Plaintiff's Motion for Reconsideration (Doc. 19) is **denied**, and this case shall remain closed.

    (2)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 4th day of February, 2015.

_David G. Campbell_
David G. Campbell
United States District Judge